ANNE P. DAVIS (*pro hac vice* pending)
anne.davis@arnoldporter.com
MATTHEW EISENSTEIN (*pro hac vice* pending)
matthew.eisenstein@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, D.C. 20001-3743
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999

SHARON D. MAYO (Bar No. 150469)
sharon.mayo@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111-4024
Telephone: (415) 471-3100
Facsimile:  (415) 471-3400

Attorneys for Defendant VISA INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PANTANO, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>    v.<br><br>VISA, INC., a Delaware corporation,<br><br>             Defendant. | Case No.: 3:24-cv-07365<br><br>**DEFENDANT VISA INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         January 14, 2025<br>Time:        10:00 a.m.<br>Courtroom:  15, 18th Floor<br>Judge:      Hon. Rita F. Lin<br>Action Filed:  October 22, 2024 |

## <u>NOTICE OF MOTION AND MOTION TO TRANSFER</u>

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Visa Inc. ("Visa") hereby moves to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Visa's Motion is scheduled to be heard on January 14, 2025, at 10:00 a.m., before the Honorable Rita F. Lin of the United States District Court for the Northern District of California, located at 450 Golden Gate Ave. in Courtroom 15, 18th Floor.

The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the complete files and records in this action, the Declaration of Sharon D. Mayo, oral arguments of counsel, and upon such further arguments as may be presented to the Court at or prior to the hearing on the motion.

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................................1

II.     BACKGROUND ................................................................................................................2

III.    ARGUMENT ....................................................................................................................6

A.      LEGAL STANDARD .......................................................................................................6

B.      VENUE IS PROPER IN THE SOUTHERN DISTRICT OF NEW YORK
        AND THE BALANCE OF FACTORS UNDER SECTION 1404 WEIGHS
        HEAVILY IN FAVOR OF TRANSFER .........................................................................7

        1.      The Interests of Justice Strongly Favor Transfer Because Five Related
                Actions are Currently Pending in the Transferee Forum ......................................8

        2.      The Convenience of the Parties and Witnesses Also Favors Transfer ................10

        3.      Plaintiff's Choice of Forum Should Be Given Little Weight Here .......................10

        4.      The Remaining Factors Are Neutral .....................................................................11

IV.     CONCLUSION ................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*,
503 F.2d 384 (9th Cir. 1974)...................................................................................................... 8

*Cont'l Grain Co. v. The FBL-585*,
364 U.S. 19 (1960)..................................................................................................................... 8

*Decker Coal Co. v. Commonw. Edison Co.*,
805 F.2d 834 (9th Cir. 1986)..................................................................................................... 6

*Devaux-Spitzley v. Prudential Ins. Co. of Am.*,
No. 18-CV-04436-JST, 2019 WL 935137 (N.D. Cal. Feb. 26, 2019)..................................... 11

*Fed. Hous. Fin. Agency v. First Tenn. Bank Nat. Ass'n*,
856 F. Supp. 2d 186 (D.D.C. 2012) ........................................................................................... 9

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990)................................................................................................................... 8

*Hawkins v. Gerber Prod. Co.*,
924 F. Supp. 2d 1208 (S.D. Cal. 2013) ............................................................................. 6, 7, 9

*Hulac v. Fed. Express Corp.*,
No. C 08-01557 JSW, 2008 WL 11337722 (N.D. Cal. July 2, 2008) ..................................... 10

*In re Bank of Am. Fraudulent Acct. Litig.*,
MDL No. 3088, 707 F. Supp.3d 1415 (J.P.M.L Dec. 6, 2023)................................................. 5

*In re Google Assistant Priv. Litig.*,
546 F. Supp. 3d 945 (N.D. Cal. 2021) ...................................................................................... 8

*Keene v. McKesson Corp.*,
No. 12-CV-05924-JST, 2015 WL 9257949 (N.D. Cal. Dec. 17, 2015) ................................... 9

*Lee v. Lockheed Martin Corp.*,
No. C03-1533 SI, 2003 WL 22159053 (N.D. Cal. Sept. 16, 2003) .......................................... 9

*Puri v. Hearthside Food Sols. LLC*,
No. CV 11-8675-JFW, 2011 WL 6257182 (C.D. Cal. Dec. 13, 2011)................................. 7, 9

*Sandoval v. Redfin Corp.*,
No. 14-4444 SC, 2015 WL 65085 (N.D. Cal. Jan. 5, 2015) ..................................................... 7

*Schwartz v. Frito-Lay N. Am.*,
No. C-12-02740 (EDL), 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012)........................... 10, 11

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ........................................................................................................ 6

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ...................................................................................................... 6

*Vu v. Ortho-McNeil Pharm., Inc.*,
    602 F. Supp. 2d 1151 (N.D. Cal. 2009) .................................................................. 6, 7

*Ward v. Fluor Enters., Inc.*,
    No. C 10-04361, 2011 WL 778720 (N.D. Cal. Mar. 1, 2011) ................................. 10

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ..................................................................... 7

*Williams v. Sears Roebuck & Co.*,
    No. C97-3794 FMS, 1998 WL 61307 (N.D. Cal. Jan. 29, 1998) ................................. 9, 10, 11

**<u>Statutes</u>**

15 U.S.C. § 22 ..................................................................................................................... 7

28 U.S.C. § 1404 ....................................................................................................... 2, 4, 5, 7

28 U.S.C. § 1404(a) ......................................................................................................... 6, 8

28 U.S.C. § 1407(g) ............................................................................................................ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Visa Inc. ("Visa") respectfully requests that the Court transfer this case to the Southern District of New York, where five other complaints containing the same allegations as presented in this case already reside before a single district judge, the Honorable Judge G. Koeltl.

A transfer to the Southern District of New York would be convenient for all parties, makes logistical and equitable sense, and would serve the interests of judicial economy.  The Department of Justice filed the first complaint in the Southern District of New York, asserting unlawful monopolization of a purported market for "debit network services."  Private actions followed in the Southern District New York, and then this action was filed in this Court.  All of the private follow-on actions (including this case) assert the same allegations as in the DOJ complaint.  It makes little sense for multiple cases with identical allegations and legal issues, and overlapping witnesses and documents, to remain pending in different district courts.  Transfer is necessary to avoid needlessly burdening the parties and the judiciary and risking inconsistent decisions.  Transfer to the Southern District of New York, where the government suit and all other follow-on suits are pending, is the best way to coordinate discovery across the government and private actions.

Plaintiff's choice of forum should be given little weight because he has no connection to this district.  He is a resident of Massachusetts and purports to represent a nationwide class.  While Visa is headquartered in the San Francisco Bay Area, it is a global payments company that operates payment networks throughout the United States.  Visa's debit platform authorizes, clears, and settles debit transactions among businesses, consumers, and banks across the country and the allegations in the Complaint purport to describe conduct concerning the operation of Visa's debit network throughout the United States.  Although some of Visa's witnesses and documents may be found in this district, some witnesses are located outside the district, and as many, if not more, merchant witnesses and documents (relevant third parties to this case) will be found outside the district.  And, given that the government's case and four related private actions are already pending in the transferee court, it would be far more convenient for witnesses to appear once in the same forum rather than twice in two different fora.

In fact, there is no dispute between the parties that these cases should be litigated together in a single forum. Visa asked Plaintiff if he would transfer this action to the Southern District of New York where the related actions are pending. Plaintiff responded by asking the Judicial Panel on Multidistrict Litigation to centralize the private plaintiff cases in an MDL, and send them to this Court. Plaintiff thus agrees that it would "serve the convenience of parties and witnesses and will promote the just and efficient conduct of such actions" to litigate these cases together in one forum, but asks that the one forum be the one that he has selected, without providing adequate justification. Mot. of Pl. Pantano for Transfer of Actions to the Northern District of Cal. Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings 4–5, ECF No. 18-1 (hereinafter "Pantano 1407 Br."). While Plaintiff is right about the virtues of having these actions litigated in one forum, this District is plainly not the proper venue. As a matter of fairness, convenience and efficiency, the proper forum for this matter is New York.

Accordingly, Visa respectfully requests that the Court transfer these actions to the Southern District of New York pursuant to 28 U.S.C. § 1404.

## II.    BACKGROUND

### A.    The Parties and Claims

Plaintiff Richard Pantano is an individual and domiciled resident of Franklin, Massachusetts. Pantano Compl. ¶ 31. Mr. Pantano alleges that he has a TD Bank Visa debit card and makes purchases using that card a few times per month. *Id.* Visa is a Delaware corporation headquartered in the San Francisco Bay Area.

Plaintiff alleges that Visa "has monopolized the market for debit network transactions; penalized industry participants that seek to use alternative debit networks; and paid off potential innovators and new entrants to the market to forestall or snuff out threats to its dominance in the debit network market." *Id.* ¶ 1. Plaintiff alleges that "[a]bsent Visa's exclusionary and anticompetitive agreements with merchants, acquirers, and issuers, Visa's back-of-card competitors (i.e., PIN networks, including Mastercard's Maestro), would have the chance to gain the scale needed to compete effectively with Visa." *Id.* ¶ 208. Plaintiff brings claims under Sections 1 and 2 of the Sherman Act, alleging unlawful agreements not to compete and to restrain trade, and monopolization

and attempted monopolization of the general purpose debit network services market. *See* Pantano Compl. at 55–58 (Counts I–IV). He also brings a Massachusetts Consumer Protection Act claim on behalf of himself and a putative Massachusetts class. *See id.* at 58–59 (Count V).

Plaintiff seeks to represent a class comprised of "[a]ll persons (including entities and corporations) in the United States who directly or indirectly paid interchange fees as debit card holders from October 22, 2020, through the present." *Id.* ¶ 220 (hereinafter, the "*Pantano* Proposed Class").

### B.    Procedural History

On September 24, 2024, approximately one month before Plaintiff filed his complaint, the Department of Justice filed a complaint in the Southern District of New York against Visa regarding the same alleged conduct as presented in this case. The DOJ's complaint asserts that Visa has "monopolized debit transactions; penalized industry participants that seek to use alternative debit networks; and coopted innovators, technology companies, and financial institutions to forestall or snuff out threats to Visa's debit network dominance." Mayo Decl. Ex. A at 4 (*United States v. Visa Inc.*, Case No. 1:24-cv-07214, ECF No. 1 (S.D.N.Y.) ("DOJ Compl.")). The DOJ, like Plaintiff in this action, brings claims asserting unlawful agreements not to compete and agreements to restrain competition in violation of Section 1 of the Sherman Act and monopolization and attempted monopolization claims under Section 2 of the Sherman Act. *See id.* at 64–68. The DOJ case was assigned to the Honorable John G. Koeltl in the Southern District of New York.

After the DOJ filed its lawsuit, several follow-on private class actions were filed in the Southern District of New York containing allegations that are substantially similar to the DOJ's complaint. All of these class actions were assigned to Judge Koeltl. This case was filed after most of the cases below.

- On October 1, 2024, All Wrapped Up Signs & Graphix LLC filed a class action in the Southern District of New York on behalf of a putative class of merchants that have accepted Visa debit cards during the period October 1, 2020 through present. *See* Mayo Decl. Ex. B (*All Wrapped Up Signs and Graphix LLC v. Visa Inc.*, Case No. 1:24-cv-07435, ECF No. 1 (S.D.N.Y. Oct. 1, 2024) ("All Wrapped Up Compl.")). As in this action and the DOJ action, All Wrapped Up alleges that "Visa has monopolized the debit network on which debit card

- 3 -

transactions run" and "has entered into agreements to punish businesses that seek to use alternative networks or methods to process debit transactions." *Id.* ¶ 2. All Wrapped Up brings the same federal claims as those brought by the DOJ, and has added state law claims based on the same alleged conduct.

- On October 21, 2024, Nuts for Candy and Cathy Houts filed a putative class action on behalf of both merchant and consumer classes, alleging the same conduct. *See* Mayo Decl. Ex. C (*Nourijan Kevranian d/b/a Nuts for Candy et al. v. Visa Inc.*, No. 1:24-cv-07997, ECF No. 1 (S.D.N.Y. Oct. 21, 2024) ("Nuts for Candy Compl.")). The Nuts for Candy action was subsequently voluntarily dismissed, and the same Plaintiffs' counsel filed another complaint by Broadway Grill (described below).

- On October 22, 2024, Yabla, Inc. filed another putative class action complaint on behalf of merchants, alleging the same conduct and bringing the same federal claims as the prior complaints. *See* Mayo Decl. Ex. D (*Yabla, Inc. v. Visa, Inc.*, Case No. 1:24-cv-08045, ECF No. 1 (S.D.N.Y.) ("Yabla Compl.")). That same day, Plaintiff filed this action seeking to represent another putative class of consumers or debit cardholders.

- On October 30, 2024, NDA Aesthetics, LLC and Warren Imports, LLC filed another class action lawsuit on behalf of: "All persons, businesses, and other entities in the United States that have paid Visa's fees for debit transaction routing services during the period from September 24, 2020, through the present." *See* Mayo Decl. Ex. E (*NDA Aesthetics, LLC et al. v. Visa Inc.*, Case No. 1:24-cv-08269, ECF No. 1, ¶ 174 (S.D.N.Y.) ("NDA Aesthetics Compl.")).

- On November 5, 2024, Broadway Grill, LLC filed a class action lawsuit also seeking to represent a class of merchants that accepted Visa debit cards during the period October 1, 2020 through present. *See* Mayo Decl. Ex. F (*Broadway Grill, LLC v. Visa Inc.*, Case No. 1:24-cv-8422, ECF No. 5, ¶ 178 (S.D.N.Y.) ("Broadway Grill Compl.")).

On November 4, 2024, counsel for Visa asked counsel for Plaintiff to stipulate to the transfer of this action to the Southern District of New York in the interest of judicial efficiency and for the convenience of the parties and witnesses. Mayo Decl. ¶ 8. Counsel for Visa informed Plaintiff's

counsel that if the parties could not work out a transfer by stipulation, then Visa would make a motion to transfer pursuant to 28 U.S.C. § 1404. *Id.*

The next day, Plaintiff filed with the Judicial Panel on Multidistrict Litigation (JPML) a Motion for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings. In other words, rather than agree to transfer its one case to New York, Plaintiff asked the JPML to centralize these actions in this district and to transfer four New York private actions here (while leaving the Department of Justice's case in New York). Visa will oppose Plaintiff's motion in the JPML in due course, on the grounds that the circumstances warranting the creation of an MDL are not present when only a handful of actions have been filed, and all but one of those actions are already pending before the same judge in the Southern District of New York. When, as here, transfer pursuant to Section 1404 is available, centralization is unnecessary to achieve the coordination and efficiencies sought by all of the parties. *See In re Bank of Am. Fraudulent Acct. Litig.*, MDL No. 3088, 707 F. Supp.3d 1415, 1416 (J.P.M.L Dec. 6, 2023) (emphasizing that "centralization under Section 1407 should be the last solution after considered review of all other options," such as a Section 1404 transfer (citation omitted)). Moreover, the JPML has no power to transfer the government's complaint to this District, 28 U.S.C. § 1407(g), which means that the private plaintiff and government cases would remain divided between two districts even if Plaintiff's motion were granted by the JPML. That result would defeat the potential for efficiencies of coordinated discovery across all of these related matters, and heighten the risk of inconsistent decisions on overlapping issues.

Critically, for purposes of resolving this motion, Plaintiff's motion to the JPML concedes that litigating these related actions in one forum would "serve 'the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.'" Pantano 1407 Br. at 4 (quoting 28 U.S.C. § 1407). Plaintiff admits that all of these actions "involve a common defendant and overlapping conduct," raising common questions of fact. *Id.* at 4–5. Additionally, the private plaintiff cases are each "brought on behalf of a nationwide class and assert[] antitrust claims under federal law." *Id.* at 5. Thus, there is no dispute that plaintiffs in all of these related actions "will undoubtedly pursue substantially similar testimony, documents, and other evidence from Visa . . . ." *Id.* at 7. Nor

is there any dispute that there will be "many overlapping pretrial issues" and that litigating the claims in a single forum is necessary to "eliminate the possibility of inconsistent rulings on class certification from two different courts." *Id.* at 8. In fact, the potential for inconsistent rulings is not limited to issues relating to class certification, as Plaintiff appears to suggest; it extends to the underlying merits including the evaluation of the sufficiency of claims as alleged in the complaints.

In short, the very points made by Plaintiff in his motion to centralize these litigations in this District weigh strongly in favor of transferring this action to the Southern District of New York. Transferring this case to the Southern District of New York where the government's case is pending is the best way to ensure the benefits of coordinated pretrial discovery can be achieved and eliminate the risk of inconsistent rulings not only as to matters related to class certification but also on the underlying merits of the litigation altogether.

## III.   ARGUMENT

### A.   LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The fundamental purpose of Section 1404(a) is "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). A district court has broad discretion to grant motions to transfer and makes its determination "according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quotations omitted).

To support a motion for transfer, the moving party must first establish that venue is proper in both districts. *See Hawkins v. Gerber Prod. Co.,* 924 F. Supp. 2d 1208, 1212 (S.D. Cal. 2013). The court must then "consider public factors relating to 'the interest of justice' and private factors relating to 'the convenience of the parties and witnesses.'" *Id.* at 1212–13 (citing *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)). "[C]ourts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and

would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum." *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009); *see also Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (same).

In balancing these factors, "[c]oncerns over judicial efficiency are *paramount*" and "potentially dispositive" when, as here, a related action will continue in the transferee venue "regardless of the outcome of this transfer motion." *Hawkins*, 924 F. Supp. 2d at 1213–14; *see also Sandoval v. Redfin Corp.*, No. 14-4444 SC, 2015 WL 65085, at *2 (N.D. Cal. Jan. 5, 2015) ("[A]n important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum."). In fact, "[c]onsideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Puri v. Hearthside Food Sols. LLC*, No. CV 11-8675-JFW (SSx), 2011 WL 6257182, at *3 (C.D. Cal. Dec. 13, 2011) (citation omitted).

> **B.    Venue is Proper in the Southern District of New York and The Balance of Factors Under Section 1404 Weighs Heavily in Favor of Transfer**

The balance of factors weighs strongly in favor of transfer to the Southern District of New York, a forum where the action could have and should have been brought[1] because four related private complaints and the government's complaint are already pending there, and it is far more convenient to the parties and witnesses to litigate in one forum. The presence of five related actions pending in the Southern District of New York before the same judge is alone sufficient to justify transfer of this action. Without a transfer, it is likely that parties would engage in duplicative pretrial discovery, witnesses would incur additional time and expense appearing in more than one forum to provide

---

[1] Venue is proper in the Southern District of New York because Visa transacts business and is found within that District. *See* 15 U.S.C. § 22 ("Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business.").

duplicative testimony, and the potential for inconsistent judicial outcomes would increase.

**1. The Interests of Justice Strongly Favor Transfer Because Five Related Actions are Currently Pending in the Transferee Forum**

"[A] situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy, and money that § 1404(a) was designed to prevent." *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Cont'l Grain Co. v. The FBL-585,* 364 U.S. 19, 26 (1960)).

When, as here, there are multiple related class actions and a government action concerning the same subject matter all pending in the Southern District of New York, there can be no doubt that judicial efficiency weighs heavily in favor of transfer to a single forum for consolidation of discovery. *See A. J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 389 (9th Cir. 1974) ("the pendency of an action in another district is important [when considering transfer] because of the positive effects it might have in possible consolidation of discovery and convenience to witnesses and parties"). Plaintiff's complaint is essentially a "copy-cat" complaint of earlier filed complaints in New York. *Compare*, *e.g.*, Pantano Compl. ¶¶ 1, 20–25, 208 *with* DOJ Compl. p.1, ¶¶ 17–22, 139; All Wrapped Up Compl. ¶¶ 1, 22–24, 163.[2] Plaintiff's own motion for transfer argues that each of these related actions involve an overlapping defendant and purports to allege "that Visa anticompetitively obtained and maintained its monopoly in the U.S. debit network services markets by entering into agreements with issuers, acquirers, merchants, and potential entrants, raising barriers to entry, and foreclosing competition in violation of federal and state antitrust laws and state consumer protection laws." Pantano 1407 Br. at 4. Indeed, each of the private plaintiff follow-on complaints quotes from or cites to the same documents referenced in the government's complaint. *Compare e.g.*, DOJ Compl. ¶ 88 (citing Visa's contract with JPMorgan Chase) *with* All Wrapped Up Compl. ¶ 104; Yabla Compl. ¶ 147; Pantano Compl. ¶ 109; NDA Aesthetics Compl. ¶ 83; *and* Broadway Grill Compl. ¶ 87.

The mere existence of other actions addressing the same allegations and legal issues pending

---

[2] The Court may take judicial notice of the pleadings in the related actions. *See*, *e.g.*, *In re Google Assistant Priv. Litig.*, 546 F. Supp. 3d 945, 957 (N.D. Cal. 2021) ("Courts may properly take judicial notice of other court filings and matters of public record.").

- 8 -

in the proposed transferee forum is a compelling factor in favor of transfer. *See, e.g.*, *Lee v. Lockheed Martin Corp.,* No. C03-1533 SI, 2003 WL 22159053, at *3 (N.D. Cal. Sept. 16, 2003) (concluding that "[i]t is unnecessary for the Court to maintain two parallel suits on opposite sides of the country" and that "[a] transfer promotes judicial economy"). The reason for that is plain: absent a transfer, the simultaneous adjudication of six cases (five New York actions and this action) involving the same issues in two different districts would risk inconsistent rulings and waste time, energy and money for all involved. *See Keene v. McKesson Corp.,* No. 12-CV-05924-JST, 2015 WL 9257949, at *4 (N.D. Cal. Dec. 17, 2015) (citation omitted) (combining related cases in a single district to "avoid inefficient duplication of efforts in judicial proceedings as well as the danger of inconsistent results."); *Hawkins,* 924 F. Supp. 2d at 1214 (transferring action to the District of New Jersey where five similar cases were already pending, reasoning that the interests of justice were served by the possible consolidation of discovery and the conservation of time, energy and money, and the avoidance of the possibility of inconsistent judgments); *see also Williams v. Sears Roebuck & Co.*, No. C97-3794 FMS, 1998 WL 61307, at *2 (N.D. Cal. Jan. 29, 1998) (transferring action to Northern District of Illinois where four other class actions had already been consolidated); *Fed. Hous. Fin. Agency v. First Tenn. Bank Nat. Ass'n*, 856 F. Supp. 2d 186, 194–95 (D.D.C. 2012) (transferring parallel action to the Southern District of New York to avoid inconsistent rulings on overlapping issues); *Puri*, 2011 WL 6257182, at *4 (transferring action "given the substantial overlap in issues, witnesses, and documents," finding that those considerations strongly outweighed plaintiff's choice of forum).

Plaintiff's action is one of multiple actions concerning the same allegations regarding alleged monopolization of debit network services. Given the substantial overlapping issues, witnesses, documents, and concomitant risk of inconsistent rulings, the interests of judicial efficiency weighs heavily in favor of transfer to the Southern District of New York where all of the other related cases are pending before the same judge. Courts have repeatedly recognized that such concerns may be determinative to a transfer motion, even when other factors might call for a different result. *See Puri*, 2011 WL 6257182, at *3; *Hawkins,* 924 F. Supp. 2d at 1213–14 (concerns over judicial efficiency are "paramount").

**2.    The Convenience of the Parties and Witnesses Also Favors Transfer**

The convenience of the parties and witnesses also favors transfer to the Southern District of New York.  First, Richard Pantano, who alleges no significant ties to the Northern District of California, is a domiciled resident of Massachusetts.  Pantano Compl. ¶ 31.  Second, although some of Visa's relevant documents and witnesses are likely located in this District, Visa is already defending five nearly-identical lawsuits filed in the Southern District of New York.  There can be no dispute that "it will be more convenient for these witnesses to travel to a single forum for all of these cases rather than traveling to different ones across the country."  *Keene*, 2015 WL 9257949, at *5; *Schwartz v. Frito-Lay N. Am.,* No. C-12-02740 (EDL), 2012 WL 8147135, at *5 (N.D. Cal. Sept. 12, 2012) ("As to the convenience of the parties and witnesses and the availability of evidence, FritoLay is already litigating in New York, and the same witnesses and evidence would be relevant to both cases.").  The judicial efficiency gained by transferring this action to the Southern District of New York, where discovery can be coordinated between the government and private actions, would promote convenience for all parties and witnesses in these cases.  Without a transfer, the parties would likely engage in duplicative pretrial discovery, and witnesses would likely incur additional time and expense appearing in more than one forum to provide duplicative testimony.

**3.    Plaintiff's Choice of Forum Should Be Given Little Weight Here**

Although a plaintiff's choice of forum is usually entitled to deference, *Bowman*, 157 F. Supp. 2d at 1106, "[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue."  *Id.*  Here, Plaintiff is a domiciled resident of Franklin, Massachusetts, far from home in this forum.  Pantano Compl. ¶ 31.

Furthermore, Plaintiff's choice should carry less weight because he is purporting to represent a nationwide class. *See Ward v. Fluor Enters., Inc.*, No. C 10-04361 SBA, 2011 WL 778720, at *3 (N.D. Cal. Mar. 1, 2011) (noting that "even where a plaintiff representing a class brings suit in his or her home forum, deference to such a plaintiff's choice of forum is considerably weakened due the representation of a broader class"); *see also Hulac v. Fed. Express Corp.*, No. C 08-01557 JSW, 2008 WL 11337722, at *2 (N.D. Cal. July 2, 2008) (giving minimal deference to plaintiff's choice in forum "because neither forum would be preferable to the other for the nationwide class as a whole");

VISA'S MOTION TO TRANSFER          CASE NO. 3:24-cv-07365

*Williams*, 1998 WL 61307, at \*1 ("There is little deference given to choice of forums by plaintiff representing a nationwide class.").

### 4. The Remaining Factors Are Neutral

Both forums are equally familiar with the applicable law, given that Plaintiff brings antitrust claims under the Sherman Act and a Massachusetts state law claim. *See Schwartz,* 2012 WL 8147135, at \*5 ("Each forum is capable of dealing with the applicable law."); *Devaux-Spitzley v. Prudential Ins. Co. of Am.*, No. 18-CV-04436-JST, 2019 WL 935137, at \*5 (N.D. Cal. Feb. 26, 2019) (noting that where a federal statute is at issue, both districts "are equally equipped to adjudicate Plaintiff's claims"). There is also diminished "local interest in the matter" since Plaintiff's claims concern Visa's conduct "nationwide." *See Schwartz,* 2012 WL 8147135, at \*5.

## IV. CONCLUSION

For all of the foregoing reasons, Visa respectfully requests that the Court transfer this action to the Southern District of New York.

Dated: November 12, 2024

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ *Sharon D. Mayo*
ANNE P. DAVIS (*pro hac* pending)
MATTHEW EISENSTEIN (*pro hac* pending)
SHARON D. MAYO

Attorneys for Defendant
VISA INC.