**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*p.h.v. to be sought*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson (CA 328596)
awatson@bathaeedunne.com
3420 Bristol Street, Suite 600
Costa Mesa, CA 92626
Tel: (213) 458-7075

*Attorneys for Plaintiff and the Proposed Classes*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD PANTANO,<br><br>          Plaintiff,<br><br>     v.<br><br>VISA, INC.,<br><br>          Defendant. | Case No. 3:24-cv-07365-RFL<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Pursuant to Civil Local Rule 3-12, Richard Pantano, the plaintiff here, and Spencer Bueno, the plaintiff in *Bueno v. Visa Inc.*, No. 3:24-cv-08968-HSG, respectfully move the Court to consider whether to relate *Bueno* to this action, *Pantano v. Visa Inc.*, No. 3:24-cv-07365-RFL. Plaintiff Bueno consents to relation. The defendant in both actions, Visa Inc. ("Visa"), consents to relation. A declaration from Yavar Bathaee accompanies this motion.

Under Civil Local Rule 3-12(a), actions are related when: "(1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." That standard is met here. Both *Pantano* and *Bueno* are brought on behalf of putative classes of Visa debit cardholders and involve a sole defendant, Visa. Both allege that Visa has monopolized two debit network services markets in the United States, the general debit network services market and its submarket, the general card-not-present debit network services market for debit network transactions; penalized issuer and acquirer banks and merchants that seek to use alternative debit networks; and paid off potential competitors, innovators, and new entrants to forestall or snuff out threats to its dominance in these markets. *Pantano* Compl. ¶¶ 13-19; *Bueno* Compl. ¶¶ 13-19. This conduct is alleged to have harmed cardholders and merchants, as well as consumers more generally. *Pantano* Compl. ¶¶ 25-29; *Bueno* Compl. ¶¶ 25-29. Both cases also seek the same relief in the form of injunctive relief and damages under the relevant state antitrust and consumer protection statutes. *Compare Pantano* Compl. Prayer for Relief, *with Bueno* Compl. Prayer for Relief. Given the substantial factual overlap, the likelihood of duplicative discovery, and the significant possibility of inconsistent rulings, *Pantano* and *Bueno* comfortably satisfy the standard for relation.

***First,*** the cases both "concern substantially the same parties, property, transaction, or event." Civil L.R. 3-12(a)(1). Both cases center around Visa's conduct in the debit network services markets, involve the same defendant, and largely overlapping classes. *Compare Pantano* Compl. ¶¶ 1-30, 220-21, *with Bueno* Compl. ¶¶ 1-30, 220-22. Both cases implicate Visa's anticompetitive conduct in the general debit network services market and general card-not-present debit network services market including its anticompetitive agreements with banks, merchants, and competitors. *Compare Pantano* Compl. ¶¶ 87-

1

155 (Visa's anticompetitive conduct), *with Bueno* Compl. ¶¶ 87-155 (Visa's anticompetitive conduct). *See, e.g.*, *Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. 2019) (relating cases where, among other things, both cases "the defendant in [all three] cases is the same" and each case stems from the use of the exact same technology and the economics regarding that same technology).

Further, while they involve different named plaintiffs and slightly different class definitions, both cases "concern" both plaintiffs, *see* Civil L.R. 3-12(a)(1), and the *Bueno* classes appear to be a subset of the *Pantano* class. *Cf. Fin. Fusion, Inc. v. Ablaise Ltd.*, No. C-06-2451 PVT, 2006 WL 3734292, at *3 (N.D. Cal. Dec. 18, 2006) (holding that cases concerned "substantially the same parties" even though they involved different plaintiffs, where nonparty Bank of America had an interest through its business relationships with both plaintiffs "in efficient and consistent management of these litigations"). The fact that the cases involve different classes does not bar relation. *Cf. Pepper*, 2019 WL 4783951, at *1 ("Local Rule 3-12(a)(1) allows for relation of actions even where plaintiff classes differ . . . ."). In fact, while the classes are slightly different, the underlying conduct and antitrust injury is common between the classes.

**Second**, "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a)(1). Considering the recognized expense of antitrust discovery, *see Bell Atlantic Corp. v. Twombly*, 550 U.S., 544, 546 (2006), conducting them before a single Judge would avoid "burdensome duplication of labor and expense." *Id.* Further, the fact that both cases have only just commenced and substantial discovery has yet to begin in either will allow "efficiency gains [to] be achieved in discovery," *Pepper*, 2019 WL 4783951, at *2.

Finally, absent relation, there is a significant risk of conflicting results given that both cases involve a large number of "identical factual . . . issues," *McGee v. Ross Stores, Inc.*, No. C 06-7496 CRB, 2007 WL 2900507, at *2 (N.D. Cal. Oct. 1, 2007), and similar requests for injunctive relief, *cf. Pepper*, 2019 WL 4783951, at *2 ("[T]he fact that both sets of plaintiffs seek injunctive relief presents a sufficient risk of inconsistent results to warrant relation.").

Accordingly, the *Pantano* and *Bueno* Plaintiffs respectfully request that this Court enter an order relating *Pantano* to *Bueno*.

Administrative Motion to Consider Whether Cases Should Be Related – No. 3:24-cv-07365-RFL

Dated: December 18, 2024

Respectfully submitted,

By: */s/ Draft*
    Brian J. Dunne

**BATHAEE DUNNE LLP**
Yavar Bathaee (CA 282388)
yavar@bathaeedunne.com
Andrew C. Wolinsky (CA 345965)
awolinsky@bathaeedunne.com
445 Park Avenue, 9th Floor
New York, NY 10022
Tel.: (332) 322-8835

Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (*pro hac vice*)
egrauman@bathaeedunne.com
901 South MoPac Expressway
Barton Oaks Plaza I, Suite 300
Austin, TX 78746
Tel.: (213) 462-2772

Allison Watson (CA 328596)
awatson@bathaeedunne.com
3420 Bristol Street, Suite 600
Costa Mesa, CA 92626
Tel: (213) 458-7075

*Attorneys for Plaintiff and the
Proposed Classes*

Administrative Motion to Consider Whether Cases Should Be Related – No. 3:24-cv-07365-RFL